UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNKI YOSHIDA, derivatively on behalf of PACIFIC SOFTWARE PUBLISHING, INC., a Washington corporation,<br><br>    Plaintiff,<br><br> v.<br><br>KENICHI "KEN" UCHIKURA, an individual; and MAYUMI NAKAMURA, and individual,<br><br>    Defendants,<br><br> and<br><br>PACIFIC SOFTWARE PUBLISHING, INC., a Washington corporation,<br><br>    Nominal Defendant. | CASE NO. C15-1885RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for Summary Judgment. Dkt. #24. Defendants seek dismissal of Plaintiff's remaining claims on the basis that there is no factual support for the claims and therefore judgment in their favor is appropriate as a matter of law. *Id.* Plaintiff opposes dismissal, arguing pursuant to Federal Rule of Civil Procedure 56(d) that he needs additional discovery in order to adequately respond to the motion. Dkt. #34. For the reasons set forth below, the Court finds that Plaintiff fails to meet the standard for additional discovery and now GRANTS Defendants' motion.

ORDER
PAGE - 1

## II.     BACKGROUND

This is a shareholder derivative action alleging breach of fiduciary duty, abuse of control, waste of corporate assets, and unjust enrichment.[1]  Dkt. #1.  Plaintiff filed his Complaint on behalf of Pacific Software Publishing, Inc. ("PSP"), on December 1, 2015.  *Id.*  PSP is a full-service web solutions company founded in 1987.  Dkt. #25 at ¶ 1.  It provides web and email hosting, web design and development, and other products and services, including file sharing, contact and calendar management, and photo sharing.  *Id*. and Dkt. #26 at ¶ 3.  PSP's annual sales total approximately $6,250,000.  Dkts. #25 at ¶ 2 and #26 at ¶ 3.  The majority of PSP's business comes from Japanese companies.  *Id.*  Roughly $5,000,000 in sales each year comes from a Japanese company named Otsuka Corporation.  *Id.*

Defendant Kenichi Uchikura is the founder of PSP and the Chairman, Secretary and Treasurer of PSP's Board of Directors.  Dkts. #1 at 1 and #25 at ¶ 1.  Defendant Mayumi Nakamura is the Director, President, and CEO of the Company.  Dkts. #1 at 1 and #26 at ¶ ¶ 1-2.  Plaintiff acquired his shares in the Company on April 11, 2011.  Dkt. #10, Ex. 1.

Following Japanese business customs, PSP gives annual gifts to its clients.  Dkts. #25 at ¶ 3 and #26 at ¶ 4.  For example, every summer and winter PSP sends fruit boxes to its clients in Japan.  Dkts. #25 at ¶ 3 and #26 at ¶ 5.  In addition, Mr. Uchikura and Ms. Nakamura bring gifts for clients and potential clients when they visit them in Japan.  Dkts. #25 at ¶ 3 and #26 at ¶ 4.  These gifts range in value up to $400.  Dkt. #25 at ¶ 3.  In addition, as part of its marketing efforts, PSP orders golf balls printed with its logo to give to clients who play golf.  Dkts. #25 at

---

[1] The Court acknowledges that it must view the facts in the light most favorable to the non-moving party.  However, Plaintiff has not presented his own substantive factual background in response to Defendants' motion, nor has he provided any documentary exhibits or other evidence in support of his claims.  *See* Dkt. #34.  Instead, he sets forth only a procedural background of this matter, focusing primarily on his discovery efforts.  *Id* at 5-9 and Dkt. #35.  Thus, the Court draws its background information from the Complaint and the record as developed by Defendants.

¶ 4 and #26 at ¶ 7. PSP also sends flowers to clients for special occasions and for condolences, and categorizes these expenditures as gifts. Dkt. #25 at ¶ 6. The average amount PSP spends on gifts each year is $5,200. Dkt. #27 at ¶ 10 and Ex. F. Mr. Uchikura and Ms. Nakamura deny that any of the expenditures on gifts were for the personal benefit of themselves. Dkts. #27 at ¶¶ 9-10, #25 at ¶ 5 and #26 at 8.

PSP regularly has out-of-town visitors at its Bellevue offices. Dkts. #25 at ¶ 6 and #26 at ¶ 9. To avoid finding and paying for a hotel room for each visit, PSP purchased a condominium near its offices where out-of-town employees and business visitors can stay. *Id.* The condominium was purchased in 2006 for $330,000. Dkts. #25 at ¶ 6 and #10, Ex. 2. Plaintiff has stayed in the condominium himself. Dkts. #25 at ¶ 7, #26 at ¶ 9 and #27 at ¶¶ 7-8. On two occasions, Ms. Nakamura stayed at the condominium during bad storms so she could easily return to work the next day. Dkt. #26 at ¶ 10. Mr. Uchikura states that he has never stayed at the condominium. Dkt. #25 at ¶ 6. After each visit, PSP pays for the condominium to be cleaned. Dkt. #27 at ¶ 8. PSP also pays the condominium association fees, property taxes, utilities, and maintenance costs. *Id.* and Ex. E thereto. The condominium association fees are on average $2,900 per year. *See id.* The property taxes average $2,450 per year. *See id.* Utilities cost an average of less than $2,000 per year. *See id.* In 2015, it was necessary to replace the water heater and repair a leaking faucet in the bathroom, for which PSP paid $1,492.56. *Id.*

Plaintiff makes the following allegations relevant to the instant motion:

> 11. Upon information and belief, Mr. Uchikura and Ms. Nakamura used the Company's monies to purchase and maintain a condominium in Kent, Washington for personal use and reasons, and likewise used the Company's monies to purchase expensive gifts for personal use and reasons.

ORDER
PAGE - 3

> 12. Between the two of them, Mr. Uchikura and Ms. Nakamura control all aspects of Pacific Software. Mr. Uchikura is the Chairman of the Board, as well as the Secretary and Treasurer of the Board. Ms. Nakamura, on the other hand, is the President and CEO of the Company. Together, they are the sole members of PSP Holdings, which is the majority shareholder of the Company. On information and belief, Mr. Uchikura and Ms. Nakamura have used the Company's assets and monies as if they were their own to the detriment of the shareholders.
>
> 13. Mr. Uchikura and Ms. Nakamura have compromised their ability to place the interests of the Company above their own personal interests.

Dkt. #1 at ¶ ¶ 8 and 11-13.

On December 17, 2015, Defendants moved to dismiss those portions of Plaintiff's claims which rested solely on the alleged improper purchase of the condominium using company monies, as Plaintiff was not a shareholder of PSP at the time of the purchase. Dkt. #10. The Court granted the motion, and clarified that Plaintiff's claims based on his allegations that Defendants improperly used PSP's monies to purchase expensive gifts for personal use and reasons remained pending. Dkt. #17. The instant motion followed.

### III.   DISCUSSION

**A. Standard of Review**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).  Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B.  Rule 56(d) Motion**

As an initial matter, the Court addresses Plaintiff's motion for a continuance of Defendants' summary judgment motion pending further discovery pursuant to Federal Rule of Civil Procedure 56(d). Dkt. #34. Defendants ask the Court to deny the motion on the basis that Plaintiff has not articulated the specific facts he hopes to elicit from further discovery, he has not shown that such facts exist, and he has failed to address the "sought-after facts essential to oppose" Defendants' motion. Dkt. #37. The Court agrees with Defendants.

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought

ORDER
PAGE - 5

actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004) (*quoting VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).  The Ninth Circuit has held that a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted).  However, the Court of Appeals has also explained that a party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

In the instant matter, the Court finds that Plaintiff cannot establish an entitlement to engage in discovery.  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").  Plaintiff asserts that he has been diligently seeking discovery throughout this matter, and details his diligence.  Dkt. #35.  He states that he requires documents such as the company's general ledger or accounts payable journal to verify Defendants' current representations.  Dkt. #34 at 3 and 11-12.  However, Plaintiff provides no declaration himself in support of his motion.  He provides no explanation as to what he believes exists in these documents or why he believes it.  Significantly, he does not provide any statement of any knowledge he has to refute the assertions made by Defendants in their motion.

Likewise, Plaintiff provides no support for any belief that the information he seeks exists.  For example, he makes vague reference to the potential of "suspicious vendors or

ORDER
PAGE - 6

transactions," but does not actually discuss why he believes these might exist or provide any support for any assertion that they do exist. *See* Dkt. #34 at 12. Moreover, while he argues that he needs such information for his expert to perform a forensic accounting analysis, he does not provide any Declaration from his expert stating that he needs such documents or that he has come across any financial information so far that would lead him to believe there was something nefarious in the accounting for the company. *Id.* Plaintiff's mere speculation does not support the need for a stay. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) ("Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation.").

Plaintiff also argues that he needs "the entire universe of documents" in order to determine whether Defendants are hiding certain transactions or using monies for their own benefit. *See* Dkt. #37 at 10-11. However, he still fails to state what he expects to find, he fails to provide any evidence that such facts exist, and he fails to provide any support for his assertion that such facts would be material. This does not meet the standard required for a stay under Rule 56(d).

For all of these reasons, the Court DENIES Plaintiff's request and turns to the merits of Defendants' motion for summary judgment.

**C. Summary Judgment**

As noted above, Plaintiff has alleged that Mr. Uchikura and Ms. Nakamura used PSP's monies to maintain a condominium in Kent, Washington for personal use and reasons, used PSP's monies to purchase expensive gifts for personal use and reasons, used PSP's assets and monies as if they were their own to the detriment of the shareholders, and have compromised their ability to place the interests of PSP above their own personal interests. Dkt. #1 at ¶ ¶ 8

ORDER
PAGE - 7

and 11-13.  Defendants have moved for the dismissal of these claims in their entirety.  The Court now finds such action appropriate.

Defendants have provided evidence that PSP monies spent on gifts were for legitimate business purposes, that Ms. Nakamura's use of the condominium was for a legitimate business purpose, that PSP maintains the condominium for legitimate business purposes, and that these assets are accounted for and listed in annual corporate audit documents.  Dkts. #25, #26 and #27.  Further, Mr. Uchikura and Ms. Nakamura deny that they have ever used the condominium for personal use and reasons, or that they have used other corporate assets for personal use and reasons.  Dkts. #25 and #26.  While Plaintiff complains that these Declarations and documents are merely self-serving, he fails to demonstrate any genuine dispute as to these facts.  As noted in the Court's discussion of Plaintiff's motion for a stay, it is significant that Plaintiff fails to submit his own Declaration stating any knowledge contrary to any of Defendants' assertions.  It is also significant that Plaintiff has failed to present any facts related to the very basis of his Complaint.  Indeed, it is not clear to the Court why Plaintiff believes that Defendants have been using corporate assets for their own benefit and what those assertions are based on.  There is simply nothing for the Court to consider in favor of Plaintiff in this matter.  Accordingly, the Court GRANTS summary judgment in favor of Defendants.

### IV.   CONCLUSION

Having reviewed Defendants' motion and Declarations, Plaintiff's Response thereto, Defendants' Reply in support thereof, and the remainder of the record, the Court hereby ORDERS:

1) Defendants' Motion for Summary Judgment (Dkt. #24) is GRANTED.

2) Plaintiff's claims are dismissed in their entirety.

ORDER
PAGE - 8

3) This matter is now CLOSED.

DATED this 26 day of April, 2016.

                                                                                RICARDO S. MARTINEZ
                                                                                CHIEF UNITED STATES DISTRICT JUDGE